# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10254

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2014

Lyle W. Cayce
Clerk

GWENDOLYN GREEN,

Plaintiff – Appellee

v.

WELLS FARGO BANK, N.A.,

Defendant – Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-464

Before HIGGINBOTHAM, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellee Gwendolyn Green brought suit against Defendant–Appellant Wells Fargo Bank, N.A. in Texas state court seeking to prevent foreclosure on her home. Wells Fargo timely removed the suit to federal district court, invoking diversity jurisdiction. Green sought, and obtained, a preliminary injunction preventing Wells Fargo from foreclosing on her home. Wells Fargo timely appeals the district court's issuance of the preliminary injunction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10254

## I

With two purchase money loans, Green purchased a house located in Cedar Hill, Texas on January 30, 2006. The first mortgage was in the amount of $214,315.00 and the second was in the amount of $53,579.00. Wells Fargo services both loans on behalf of Deutsche Bank National Trust Company, Trustee for Morgan Stanley ABS Capital I Trust 2006-HE3, the owner and holder of the notes.

Several years after purchasing the house, Green defaulted on both loans and, on February 2, 2010, entered into two loan modification agreements. The first loan modification agreement modified the first mortgage to capitalize $19,006.15 of past-due amounts,[1] resulting in a new unpaid principal amount of $230,272.59. This modification also lowered the fixed interest rate from 7.996 percent to 4.875 percent, resulting in a $184.06 reduction in Green's monthly principal and interest payment. Likewise, the second loan modification agreement modified the second mortgage to capitalize $1,558.76 of past-due interest, resulting in an unpaid principal balance of $53,575.42. This loan modification lowered the fixed interest rate from 8.990 percent to 5.500 percent, resulting in a $107.11 reduction in Green's monthly principal and interest payment. Despite these modifications, Green again fell behind on her payments, and subsequently filed a voluntary Chapter 13 bankruptcy petition on April 30, 2012. Although an amended Chapter 13 plan was confirmed, Green obtained a voluntary dismissal of her bankruptcy case so as to work directly with her creditors.

When foreclosure became imminent, Green brought a declaratory judgment action against Wells Fargo in the Texas state courts. Wells Fargo

---

[1] Wells Fargo explains that this amount consists of (i) $8,446.44 in past-due interest, (ii) $10,522.11 in unpaid and past-due escrow items, and (iii) $1,199.68 in various recoverable late charges.

No. 14-10254

timely removed the action to federal district court, invoking diversity jurisdiction. Soon thereafter, Green moved for a preliminary injunction. The district court granted the motion. Wells Fargo timely appeals.

## II

We review the district court's grant of a preliminary injunction for abuse of discretion.[2] To prevail on a motion for a preliminary injunction, a plaintiff must establish: "(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest."[3]

On appeal, the parties sharply dispute the district court's analysis of Green's likelihood of success on the merits. Green's sole argument on the merits is that "Wells Fargo has no lien to foreclose because . . . modifications that fold past-due sums back into homestead mortgages are illegal in Texas." In analyzing Green's likelihood of success on the merits, the district court noted that "Green has raised colorable claims that present serious and difficult state constitutional questions." The district court then held that,

> In light of the Court's earlier findings—that foreclosure of Green's homestead, which is set to occur within days of this Order, would impose irreparable harm; that the balance of harm weighs heavily in favor of Green; and there appears to be little to no harm to the public interest in granting this injunction, but rather the public interest weighs in favor of granting

---

[2] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985); *see Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195 (5th Cir. 2003).

[3] *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

No. 14-10254

such an injunction—the Court holds that Green has
met her burden of adequately showing this factor.

Wells Fargo argues that the district court abused its discretion by applying (i) a 'sliding scale' approach and (ii) a 'serious question' standard for evaluating plaintiff's likelihood of success on the merits.

Although Wells Fargo's challenge to the analysis of plaintiff's likelihood of success on the merits has purchase, we need not reach this question: a recent Texas Supreme Court opinion all but forecloses Green's arguments. Shortly after the filing of this appeal, the Texas Supreme Court issued its opinion in *Sims v. Carrington Mortgage Services*.[4] In *Sims*, the Texas Supreme Court answered four questions certified to it by this Court, addressing whether the restructuring of a home equity loan was a refinancing or a modification of a mortgage under Article XVI, § 50 of the Texas Constitution. The Texas Supreme Court held that such restructuring are modifications, explaining

> the restructuring of a home equity loan that, as in the context from which the question arises, involves capitalization of past-due amounts owed under the terms of the initial loan and a lowering of the interest rate and the amount of installment payments, but does not involve the satisfaction or replacement of the original note, an advancement of new funds, or an increase in the obligations created by the original note, is not a new extension of credit that must meet the requirements of Section 50.[5]

Although *Sims* specifically addressed modifications of home equity loans, we see no sound basis for distinguishing *Sims* from cases where, as here, the modification was of a purchase money mortgage. Indeed, Green acknowledges

---

[4] --- S.W.3d ---, No. 13-0638, 2014 WL 1998397 (Tex. May 16, 2014).

[5] *Id.* at *4.

4

as much, stating that *Sims* "has mooted most but not all of the underlying substantive claims in this case."[6]

Green argues that she may still prevail on the merits, insofar as she alleges (i) that *Sims* does not address the effect of capitalizing future property taxes and insurance not yet due at the time of the modification,[7] and (ii) that an issue of fact remains as to whether such amounts were added to her loans. Wells Fargo responds by noting that such amounts do not change the *Sims* analysis, as the mortgages at issue in *Sims* included the capitalization of unpaid, past-due escrow items,[8] and that only unpaid, past-due escrow items were capitalized. We agree. As presented here, the restructuring and re-establishment of the escrow account was incident to the loan modification, a restructuring of existing obligations.

In sum, controlled by *Sims*, we conclude that Green has failed to demonstrate a likelihood of success on the merits. We VACATE the preliminary injunction and REMAND to the district court for any necessary further proceedings.

---

[6] *See* Appellee's Rule 28(j) Letter at 1, *Green v. Wells Fargo*, No. 14-10254 (5th Cir. May 24, 2014).

[7] Green notes that there is currently a pending petition for rehearing in *Sims* asking the Texas Supreme Court to address this question.

[8] *See Sims*, --- S.W.3d ---, 2014 WL 1998397 at *1, *1 n.3.