Rodney WAGGONER, et al, Plaintiffs,

v.

DEUTSCHE NATIONAL BANK TRUST COMPANY, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2004-NC1, Mortgage Pass-Through Certificates, Series 2004-NCI, Defendant.

CIVIL ACTION NO. 3:15-CV-308

United States District Court,
S.D. Texas, Galveston Division.

Signed March 15, 2016

**446**

Van Williamson, Attorney at Law, Lago Vista, TX, for Plaintiffs.

James Garth Fennegan, Charles Royal Curran, Settle Pou PC, Dallas, TX, for Defendant.

1. As Trustee for Morgan Stanley ABS Capital I Inc. Trust 2004-NC1, Mortgage Pass-Through Certificates, Series 2004-NC1, incorrectly sued as "Deutsche National Bank Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2004-NC1, Mortgage Pass-Through Certificates, Series 2004-NC1."

## MEMORANDUM AND ORDER

GEORGE C. HANKS, JR., UNITED STATES DISTRICT JUDGE

Plaintiffs, Rodney Waggoner and Katrina McClure ("Plaintiffs"), bring this action against Defendant, Defendant Deutsche Bank National Trust Company,[1] ("Defendant" or "Deutsche Bank"), for violation of Article XVI, Section 50(a)(6) of the Texas Constitution. *See* Dkt. 1–3. Plaintiffs seek a declaration that "any and all promissory notes entered into by the Plaintiffs with Defendant are null and void," "any conveyances evidencing Defendants ownership of Plaintiffs homestead be set aside on the basis of wrongful foreclosure," and "that Plaintiffs own their homestead in fee simple and Defendants have no lien rights whatsoever." Dkt. 1–3, § III.B.2-4. Plaintiffs also seek monetary relief "of $300,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." Dkt. 1–3, § III.B.1.

Pending before the Court is Defendant Deutsche Bank's 12(b)(6) Motion to Dismiss, Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (Dkt. 4). The motion is ripe for ruling and deemed unopposed because the submission date has passed and the Plaintiffs have not filed a response.[2] After careful consideration of the motion, the arguments, the entire record, and the applicable law, the Court is of the opinion that the motion should be **GRANTED**, as explained below.

2. Under the Local Rules of the Southern District of Texas, a response to a motion is due 21 days after the motion is filed. S.D. Tex. L.R. 7.3, 7.4(A). Plaintiffs' response to the Motion to Dismiss was due November 23, 2015. No opposition was filed by that date. The Local Rules provide that failure to respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.3, 7.4.

## FACTUAL AND PROCEDURAL BACKGROUND

For purposes of this Rule 12(b)(6) motion, the Court will accept as true the facts averred by the Plaintiffs in their Original Complaint (Dkt. 1–3). On October 6, 2015, Plaintiffs filed this petition for declaratory judgment, pursuant to the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, in the 405th Judicial District Court of Galveston County, Texas, Cause No. 15–CV–1071. Plaintiffs, husband and wife, purchased a home in Texas City, Texas. This lawsuit challenges the enforceability of Deutsche Bank's lien evidenced in two specific Loan Modification Agreements between Plaintiffs and Deutsche Bank. Plaintiffs argue that these Agreements are in violation of the Constitution of the State, Texas Article XVI, Section 50(a)(6). On October 29, 2015, Deutsche Bank removed this action to this Court, asserting that complete diversity of citizenship existed among the parties and that the amount in controversy exceeded $75,000. Dkt. 1.

On November 2, 2015, Deutsche Bank filed a Motion to Dismiss the Plaintiffs' claims arguing that Plaintiffs' complaint failed to state claims against Deutsche Bank upon which relief could be granted pursuant to Rule 12(b)(6). Dkt. 4. Although Deutsche Bank Motion to Dismiss Plaintiffs' claims has been on file for over three months, Plaintiffs have not responded. Also, Plaintiffs did not appear for the for the motion hearing set for February 9, 2016, regarding the Motion to Dismiss. *See* Notice of Setting, Dkt. 5.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001), *cert. denied sub nom Cloud v. United States*, 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Id.* The court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir.2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005)).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Twombly's plausibility standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

a sheer possibility a defendant acted unlawfully." *Id.* "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Torch Liquidating Trust ex rel. Bridge Associates L.L.C. v. Stockstill,* 561 F.3d 377, 384 (5th Cir.2009).

Local Rule 7.3 provides that "[O]pposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel." S.D. Tex. R. 7.3 (2000). Local Rule 7.4 provides:

Failure to respond will be taken as a representation of no opposition. Responses to motions

A. Must be filed by the submission day;

B. Must be written;

C. Must include or be accompanied by authority; and

D. Must be accompanied by a separate form order denying the relief sought.

S.D. Tex. R. 7.4 (2000). While recognizing that Local Rule 7.4 allows a court to construe a party's failure to respond as a representation of no opposition, the Fifth Circuit has said that where the motion is dispositive, "[t]he mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Watson v. United States ex rel. Lerma,* 285 Fed.Appx. 140, 143 (5th Cir.2008). The Fifth Circuit has held, however, that a proper sanction for a failure to respond to a dispositive motion is for the court to decide the motion on the papers before it. *Ramsay v. Bailey,* 531 F.2d 706, 709 n. 2 (5th Cir. 1976), *cert. denied,* 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977) (per curiam). *See also Eversley v. MBank Dallas,* 843

F.2d 172, 173–174 (5th Cir.1988) (observing that when the nonmovant fails to respond, the court may properly accept as true the movant's factual allegations).

## ANALYSIS

### A. The Wrongful Foreclosure Claim

■ The Court first turns to the Plaintiffs' claim for wrongful foreclosure. Specifically, Plaintiffs seek declaration that "all conveyances evidencing Defendants ownership of Plaintiffs homestead be set aside on the basis of wrongful foreclosure". Dkt. 1–3, § III.B.3. To state a claim for wrongful foreclosure, Plaintiffs must plead and show: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 256 (5th Cir.2013) (citing *Charter Nat'l Bank–Hous. v. Stevens,* 781 S.W.2d 368, 371 (Tex.Civ.App.–Houston [14th Dist.] 1989, writ denied)). All three elements are required to adequately state a cause of action of wrongful foreclosure. *Miller v. BAC Home Loans Servicing, L.P.,* 726 F.3d 717, 726–27 (5th Cir.2013).[3] Plaintiffs have failed to allege facts that there was a grossly inadequate selling price and a causal link between a procedural defect of the foreclosure and the selling price. *See* Dkt. 1–3. The Court concludes that Deutsche Bank has shown that Plaintiffs' claims should be dismissed because they are without basis in law or fact. *See* TEX. R. CIV. P. 91a.1. As such, Plaintiffs have failed to state a claim for wrongful foreclosure, and Plaintiffs' wrongful foreclosure claim must be dismissed. *E.g., Smith v. Wells*

---

**3.** The Fifth Circuit in *Miller* recognized that a borrower may not have to prove a grossly inadequate sales price if the borrower can show that the mortgagee deliberately chilled the bidding at the foreclosure sale. *Miller,* 726 F.3d at 727. The Court finds that the Plaintiffs here has made no such allegation in this suit, so he must meet the stringent standard set forth in *Charter National Bank.*

*Fargo Bank, N.A.*, No. 3:12–cv–4633–K–BN, 2013 WL 3324195, at *7–8 (N.D.Tex. June 28, 2013) (dismissing wrongful foreclosure claim that alleged only a defect in the foreclosure sale).

■ Moreover, to the extent Plaintiffs argue that the foreclosure sale should be rescinded or set aside in connection with their wrongful foreclosure claim, Plaintiffs have further failed to state a claim. To be entitled to rescission of a foreclosure sale, Plaintiffs must allege that they have tendered the full amount due and owing under the loan. *Smith*, 2013 WL 3324195, at *8 (citing *Cruz v. CitiMortgage, Inc.*, No. 3:11–cv–2871–L, 2012 WL 1836095, at *5 (N.D.Tex. May 21, 2012); *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835–36 (Tex.App.–Fort Worth 1999, pet. denied)). Plaintiffs have made no such allegation. Accordingly, the Court finds that Plaintiffs' wrongful foreclosure claim is DISMISSED.

### B. The Claim for Violation of Texas Constitution Article XVI, Section 50(a)(6)

■ Under Texas law, "[n]o mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by" Section 50 of Article XVI to the Texas Constitution. TEX. CONST. ART. XVI, § 50(c). Section 50(a)(6) contains numerous constraints to which a home equity loan must adhere. For example, Section 50(a)(6)(B) prohibits loans that, when added to the principal balances of all other liens against the home, exceed 80% of the home's fair market value. *Id.* § 50(a)(6)(B). Additionally, loans may not close before twelve days after the loan application is submitted or before twelve days after the

borrower receives notice that the loan is governed by Section 50(a)(6), *id.* § 50(a)(6)(M)(i), and cannot close until one business day after the borrower receives an itemized disclosure of closing costs, *id.* § 50(a)(6)(M)(ii). The loan must provide that the borrower receives a copy of the final application and all documents executed at closing. *Id.* § 50(a)(6)(Q)(v). Plaintiffs allege that Deutsche Bank has violated these provisions of the Texas Constitution.

If a lien is placed on a homestead in violation of section 50(a)(6), the Texas Constitution provides that a party may give the lender notice of the defect, and the lender has 60 days in which to cure it. *Id.* § 50(a)(6)(Q)(x). A lender who fails to comply with these requirements or to correct its noncompliance during the 60-day window forfeits all principal and interest on the lien. *Id.* Here, Plaintiffs claim that a February 10, 2011 loan modification and an August 11, 2011 modification violate Texas Constitution article XVI, § 50(a)(6). Dkt. 1–3, § IV. The Court finds that the February 2011 and August 2011 loan modifications claims are barred by the four-year statute of limitations for claims alleging violation of § 50(a)(6). A claim for violation of section 50(a)(6) of the Texas Constitution is subject to a four-year statute of limitations that accrues when the closing documents for the loan are signed (*i.e.*, when the loan is originated). *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 675–76 (5th Cir.2013). Here, Plaintiff Rodney Waggoner signed the original note and Plaintiffs Rodney Waggoner and Katrina Waggoner signed the Deed of Trust on September 11, 2003. Dkt. 4, Exhibits, A & B.[4] Plaintiffs did not file their Petition,

---

4. The Court takes judicial notice of the Note and Deed of Trust. The documents are referred to in the Petition, Dkt. 1–3, § IV, they are central to Plaintiffs' claims, they are contractual documents, and the Deed of Trust is a public record as it was recorded in the real property records. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir.2007) ("[I]t is

however, until October 6, 2015, more than 12 years after origination of the loan. *See* Dkt. 1–3, at p. 1. As such, the statute of limitations for asserting a claim for violation of section 50(a)(6) has passed. *See Ausmus v. Deutsche Bank Trust Co. Nat. Ass'n*, No. 3:13–CV–148, 2013 WL 3938515, at *4 (S.D.Tex. July 29, 2013); *see also Bowman v. CitiMortgage, Inc.*, No. 3:14–CV–4036–B, 2015 WL 4867746, at *10 (N.D.Tex. Aug. 12, 2015) (dismissing claim for violation of section 50(a)(6) as it was not brought within four years of origination); *Iglesias v. CitiMortgage, Inc.*, No. A–15–CA–110–SS, 2015 WL 2341943, at *5 (W.D.Tex. May 12, 2015) (same).[5]

■ Plaintiffs' claim still fails because a lender can capitalize past-due interest, taxes, insurance premiums and fees so long as these were obligations assumed by the borrower under the terms of original loan. *Sims v. Carrington Mortgage Servs., L.L.C.*, 440 S.W.3d 10, 17 (Tex.2014); *see also Green v. Wells Fargo Bank, N.A.*, 575 Fed.Appx. 322, 324 (5th Cir.2014) (per curiam) (citing *Sims*). Here there was no new extension of credit. Plaintiffs claim that Defendant increased the principal amount of the note by $4,826.37 to satisfy delinquent payments from November and December of 2010 and January, February and March of 2011, including principal. Dkt. 1–3, at pp. 3–4. Next, Plaintiffs allege that the "advanced funds were used to pay off the delinquencies, including delinquent

principal." Plaintiffs do not allege that they received any money or cash from this modification. Dkt. 1–3. Assuming that Plaintiffs' allegations are correct, the net effect of a transaction such as described by Plaintiff is that there was no advance of additional funds. Since Plaintiffs have not alleged facts to show an advance of additional funds, Plaintiffs' claim for violation of section 50(a)(6) fails.

Lawsuits alleging violations of Article XVI, Section 50(a)(6) of the Texas Constitution are subject to Texas's residual four-year limitations period, in light of the Fifth Circuit's recent *Priester* decision. Because Plaintiffs failed to file this suit alleging violations of Section 50(a)(6) within the applicable four-year limitations period, Plaintiffs claims are DISMISSED WITH PREJUDICE.

### C. Declaratory Judgment

■ The Fifth Circuit has held that when a complaint purports to assert an independent cause of action for declaratory judgment alongside another cause of action, the request for declaratory judgment should be construed as a theory of recovery predicated upon the accompanying claim. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir.1996). Accordingly, district courts dismiss requests for declaratory relief when all pleaded causes of action fail. *See, e.g., Sledge v. JP Morgan Chase*

clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

5. If, assuming *arguendo*, a new four-year statute of limitations begins to run as to a modification when a home-equity loan is modified. Plaintiffs still failed to file suit for violation of section 50(a)(6) within four years of their execution of the February 2011 and August 2011 loan modifications. Because Plaintiffs did not file suit on the February 2011 loan modification by February 2015 and because Plaintiffs

did not file suit on the August 2011 loan modification by August 2015, Plaintiffs' claims for violation of section 50(a)(6) are barred by the four-year statute of limitations. *Phelps v. US Bank Nat'l Ass'n*, No. 2:13–CV–361, 2014 WL 991803, at *3 (S.D.Tex. Mar. 13, 2015) (dismissing claims for violation of section 50(a)(6) based on a loan modification when the modification was executed more than four years prior to plaintiff bringing suit).

*Bank, N.A.*, No. SA:13–CV–797–XR, 2014 WL 51169, at *5 (W.D.Tex. Jan. 7, 2014) (collecting cases). The Court finds that Plaintiffs fail to state a viable independent cause of action. Thus, the Court DISMISSES the Plaintiffs' request for declaratory relief.

## CONCLUSION

For the reasons explained above, Defendant Deutsche Bank's Motion to Dismiss, Pursuant to Rule 12(b)(6) (Dkt. 4) is **GRANTED**. Plaintiffs have failed to plead claims to wrongful foreclosure or a violation of Article XVI, Section 50(a)(6) of the Texas Constitution. The Court **DISMISSES** the Plaintiffs' request for declaratory relief. Moreover, Plaintiffs have not responded to the Motion to Dismiss, has not requested additional time to do so, and has not requested an opportunity to replead. Accordingly, it is hereby **ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss (Dkt. 4) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**