# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00430-CV

---

**Gerald McMillan, Appellant**

**v.**

**Little City Investments, LLC, Appellee**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-000396, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Gerald McMillan appeals from a summary judgment in favor of Little City Investments, LLC.  We will affirm in part and reverse and render in part.

## BACKGROUND

In October 2014, Little City loaned money to SOCO Real Estate, LLC, to purchase real property located at 808 Avondale Road in Austin (the Property).  McMillan and his wife own SOCO.  On SOCO's behalf, McMillan executed a promissory note in the original principal amount of $960,000.  The note was secured by a deed of trust.  Approximately one year later SOCO defaulted, and Little City declared the note due on November 1, 2015.  Rather than proceed with foreclosure, Little City and SOCO entered into a Reinstatement Agreement, extending the maturity date of the note and providing for new payment terms.

The note matured on the extended date of December 31, 2016. Little City declared SOCO in default for nonpayment. In February 2017, McMillan filed suit in Travis County district court, seeking a restraining order to prevent foreclosure. The trial court granted a temporary ex parte restraining order preventing the sale, after which McMillan voluntarily dismissed the suit. In March 2017, McMillan filed a second suit in Travis County district court, again seeking to restrain Little City from foreclosing on the Property. McMillan alleged various causes of action, including fraud, negligent misrepresentation, and breach of contract. The district court granted Little City's no-evidence motion for summary judgment and dismissed the suit in November 2017 on the ground that McMillan failed to present evidence sufficient to show that he had standing.

Meanwhile, SOCO had filed for Chapter 11 bankruptcy protection in April 2017.[1] In July 2017, the United States Bankruptcy Court for the Western District of Texas lifted the bankruptcy stay to allow Little City to foreclose on the Property. Substitute trustee Robert Black conducted the foreclosure sale in October 2017 on the steps of the Travis County courthouse. After the foreclosure, McMillan refused to vacate the Property, and Little City filed a forcible detainer action in a Travis County justice court. The justice of the peace rendered judgment granting Little City possession of the Property. This judgment was appealed to a Travis County court at law, which awarded possession of the Property to Little City. McMillan appealed the county court judgment to the Court of Appeals for the Fourteenth Judicial District, which dismissed the appeal on McMillan's motion in July 2018. *See McMillan v. Little City Invs.*, *LLC*, No. 14-18-00286-CV, 2018 Tex. App. LEXIS 4952, at *1 (Tex. App.—Houston [14th Dist.] July 3, 2018, no pet.) (mem. op.); *see also* Tex. R. App. P. 42.1.

---

[1] The case was converted to Chapter 7 in November 2017.

In December 2017, McMillan filed a third lawsuit in Travis County district court, seeking to set aside the foreclosure and sale of the Property. According to McMillan, that suit alleged that Little City "orchestrat[ed] chilled bidding in concert with the substitute trustee, Robert Black[,] for failing to accept the bid of an investor." Little City filed a plea to the jurisdiction, asserting, among other things, that McMillan lacked standing to challenge the foreclosure because he was not the mortgagor on the deed of trust pursuant to which Little City foreclosed on the Property. The district court granted the plea to the jurisdiction in March 2018, and McMillan appealed. This Court modified the district court's judgment to reflect that McMillan's claims were dismissed without prejudice and affirmed the judgment as modified. *McMillan v. Aycock*, No. 03-18-00278-CV, 2019 Tex. App. LEXIS 2624, at *9 (Tex. App.—Austin Apr. 3, 2019, no pet.) (mem. op.).

To cure the jurisdictional defect, McMillan purchased from SOCO's bankruptcy trustee "the Bankruptcy Estate's potential cause(s) of action against Little City Investments, LLC resulting from the foreclosure of [the Property]." McMillan then filed the underlying proceeding in January 2019, seeking to set aside the foreclosure sale on the same ground he alleged in the third lawsuit—that Little City's substitute trustee took actions that "led to chilled bidding, and there is a direct and evident causal connection between this sale defect and the grossly inadequate selling price of the Property."

Over the course of the litigation concerning the Property, McMillan has filed five notices of lis pendens against the Property, four of which were expunged in previous lawsuits. On the same day that Little City answered this underlying suit, it also filed a no-evidence and traditional motion for summary judgment and an application for an anti-suit injunction. In addition, Little City filed a motion to expunge McMillan's fifth notice of lis pendens.

3

A hearing on Little City's motion for summary judgment, application for injunction, and motion to expunge lis pendens was scheduled for March 14, 2019, at 2:00 p.m. Before starting that hearing, the district court noted that at 5:05 a.m. that morning, McMillan sent an email to Little City advising of his intent to appear before the duty judge at 9:30 a.m. to seek a continuance of the hearing on Little City's motions. The district court read the duty judge's docket note from earlier that morning, stating that although counsel for Little City appeared at the continuance docket, McMillan did not. Because McMillan had not appeared as of 11:00 a.m. and had not filed any written motion for a continuance, the duty judge took no action to postpone the 2:00 p.m. hearing. McMillan told the district court that he decided not to attend the continuance docket that morning because "I got to thinking about if they don't accept my testimony, you know, I—it doesn't make sense for me to come and I didn't know how—I had no idea." McMillan further stated that he attempted to contact Little City's counsel by calling his office at 9:45 a.m., while counsel was in the duty judge's courtroom. McMillan said that he spoke to a legal assistant, who, after speaking to Little City's counsel, informed McMillan that he could try to make an oral motion. McMillan told the legal assistant, "I have to think about it."

Seventeen minutes before the scheduled hearing on Little City's motions, McMillan filed a written motion for continuance. The motion specified that McMillan sought a continuance because Little City had engaged in "deception" to prevent McMillan from timely responding to Little City's motions. The record showed that McMillan had notice of the hearing but his response to the summary-judgment motion was filed late. Counsel for Little City waived "any objection" to the untimeliness of McMillan's response, and McMillan replied, "Then we don't have an issue."

4

McMillan's response to Little City's motion for summary judgment referred to attachments to his response. The court observed that the response on file did not contain all the referenced attachments. In fact, McMillan's response contained cover pages for sixteen exhibits, but included only four actual exhibits. McMillan stated that this was an error on the part of the person who helped him file the documents. The court allowed McMillan until midnight following the hearing to file the twelve missing exhibits. Little City waived any objection to the timeliness of those documents but did not waive evidentiary objections. Little City also requested that the court take judicial notice of the court's file, which contained information regarding McMillan's previous lawsuits, and the court did so.

McMillan filed several exhibits, and Little City filed objections to some of McMillan's evidence. After ruling on Little City's evidentiary objections, the district court entered an order granting Little City summary judgment on both no-evidence and traditional grounds, expunging the lis pendens and finding that it constituted a fraudulent lien, and granting an anti-suit injunction against McMillan to prohibit him and his successors and assigns from filing any lawsuits against Little City related to the Property or filing any notices of lis pendens against the Property. McMillan appeals, asserting that the district court erred in (1) granting summary judgment, (2) expunging the fifth notice of lis pendens on the Property and finding that it constituted a fraudulent lien, and (3) granting the injunction.

## ANALYSIS

### Summary Judgment

Little City moved for summary judgment on both no-evidence and traditional grounds. A no-evidence summary-judgment motion targeting the nonmovant's claim must assert that the nonmovant has produced no evidence of one or more essential elements of the claim.

5

*Duvall v. Texas Dep't of Human Servs.*, 82 S.W.3d 474, 477 (Tex. App.—Austin 2002, no pet.); *see* Tex. R. Civ. P. 166a(i). Once the movant specifies the challenged elements, the burden shifts to the nonmovant to produce summary-judgment evidence raising a genuine issue of material fact on the challenged elements. *Trilogy Software, Inc. v. Callidus Software, Inc.*, 143 S.W.3d 452, 459 (Tex. App.—Austin 2004, pet. denied) (citing Tex. R. Civ. P. 166a(i)). To raise a genuine issue of material fact, the nonmovant must set forth more than a scintilla of probative evidence as to the essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id.* No more than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of fact, and the legal effect is that there is no evidence. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). If the nonmovant fails to produce more than a scintilla of evidence on the challenged element, the motion must be granted. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

To prevail on a motion for traditional summary judgment, a party must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A defendant who

moves for summary judgment on the plaintiff's cause of action must disprove at least one essential element of the plaintiff's cause of action. *Duvall*, 82 S.W.3d at 477.

If the trial court does not state the basis on which it granted summary judgment, we must affirm if any of the movant's theories has merit. *Texas Workers' Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 648 (Tex. 2004). Because the propriety of a summary judgment is a question of law, we review the trial court's decision de novo. *Valence Operating Co.*, 164 S.W.3d at 661.

We first consider whether the district court properly granted summary judgment in favor of Little City on no-evidence grounds. *See Ridgway*, 135 S.W.3d at 600. McMillan argues, as he did in his response to the summary-judgment motion, that the district court should have denied Little City's no-evidence motion because it was filed before adequate time for discovery had elapsed. In granting a no-evidence motion for summary judgment, a trial court implicitly holds that an adequate time for discovery has passed before its consideration of the motion. *Chamie v. Memorial Hermann Health Sys.*, 561 S.W.3d 253, 256-57 (Tex. App.—Houston [14th Dist.] 2018, no pet.). We review that implicit determination on a case-by-case basis, under an abuse-of-discretion standard. *Id.* at 257. The pertinent date for determining whether a no-evidence motion is premature is not the date on which the motion was filed but the final date on which the motion was presented to the trial court for ruling. *Id.*

Further, "[w]hen a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *see* Tex. R. Civ. P. 166a(i), 251, 252. McMillan did not file an affidavit explaining the need for further discovery. The body of his motion for

continuance did not complain of inadequate time for discovery but instead argued that he did not receive sufficient notice of the hearing to allow him to respond timely, which he agreed became a non-issue when Little City waived any objection to the untimeliness of McMillan's response and McMillan was permitted to file supporting evidence following the hearing. In an unsworn and unsigned "addendum" attached to his motion for continuance, McMillan states that he "requires time to conduct discovery and obtain controverting affidavits prior to the summary judgment hearing." The addendum then describes three categories of evidence that McMillan would like to have sought before the hearing: (1) the deposition of a paralegal from Little City's counsel's firm relating to whether the paralegal "was instructed to take deceptive action" to prevent McMillan from learning of the summary-judgment hearing; (2) an "affidavit from USAA" attesting that the McMillans have carried automotive and residential insurance policies with USAA since 1975 and that the insurance on 808 Avondale Road was not cancelled; and (3) affidavits from an individual, that individual's attorney, and "one or more" unnamed investors at a 1996 foreclosure sale on an unspecified property that was either conducted by substitute trustee Black in a "secretive manner" or unattended by Black but falsely reported as conducted by him. Nowhere does McMillan explain why the listed evidence would have been material to his current claim for chilled bidding against Little City. *See* Tex. R. Civ. P. 252 ("the party applying [for continuance] shall make affidavit that such testimony is material, showing the materiality thereof"). Further, in response to McMillan's argument that granting the no-evidence motion was inappropriate, Little City argues that adequate time for discovery had passed because of the nature of McMillan's lawsuit and the fact that McMillan had filed a series of prior similar lawsuits, including the suit filed in December 2017 which, according to McMillan's description in his response to the motion for summary judgment, raised the same claim of chilled bidding.

8

The district court took judicial notice of its file, which contained pleadings and evidence relating to those similar cases. Assuming McMillan's "addendum" or summary-judgment response preserved his complaint that he required more time for discovery, we conclude that, on this record, McMillan has not shown that the district court abused its discretion in considering Little City's no-evidence motion for summary judgment.

Having determined that the no-evidence motion was properly before the district court, we must determine whether McMillan set forth more than a scintilla of probative evidence as to the essential elements of his sole claim for wrongful foreclosure based on Black's allegedly chilling the bidding at the nonjudicial foreclosure sale. Normally, wrongful foreclosure is proven by showing: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Great N. Energy, Inc. v. Circle Ridge Prod., Inc.*, 528 S.W.3d 644, 674 n.34 (Tex. App.—Texarkana 2017, pet. denied) (citing *Campbell v. Mortgage Elec. Registration Sys., Inc.*, No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030, at *8 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.)). When the mortgagee deliberately chills the bidding at a nonjudicial foreclosure sale and the mortgagor seeks to recover damages, not to set aside the sale, elements two and three need not be proven. *Charter Nat'l Bank-Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied); *see Reeves v. Wells Fargo Bank, NA*, No. EP-14-CV-00187-DCG, 2015 U.S. Dist. LEXIS 148961, at *8 (W.D. Tex. Sept. 4, 2015) (applying Texas law and citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726-27 (5th Cir. 2013)); *see also Waggoner v. Deutsche Nat'l Bank Tr. Co.*, 181 F. Supp. 3d 445, 449 n.3 (S.D. Tex. 2016) (applying Texas law). In this case, McMillan seeks to set aside the foreclosure sale.

McMillan urges that the affidavits he submitted to the district court show that Black chilled the bidding at the foreclosure auction, thereby creating at least a fact issue as to the first element of wrongful foreclosure. He also urges that the district court erroneously excluded portions of the affidavits. We review a trial court's exclusion of evidence for an abuse of discretion. *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 161 (Tex. 2015). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding principles or rules. *See Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 262 (Tex. 2012); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Erroneous exclusion of evidence is reversible error only if it probably resulted in an improper judgment. Tex. R. App. P. 44.1(a)(1); *Garza*, 466 S.W.3d at 161; *State v. Central Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009) (stating that "complaining party must only show 'that the exclusion of evidence probably resulted in the rendition of an improper judgment'" (quoting *McCraw v. Maris*, 828 S.W.2d 756, 758 (Tex. 1992) (internal citation omitted))). "[T]he exclusion . . . is likely harmless if the evidence was cumulative, or the rest of the evidence was so one-sided that the error likely made no difference in the judgment." *Central Expressway Sign*, 302 S.W.3d at 870. Whether the erroneous exclusion of evidence probably caused the trial court to render an improper judgment is a "judgment call entrusted to the sound discretion and good sense of the reviewing court from an evaluation of the whole case." *First Emps. Ins. v. Skinner*, 646 S.W.2d 170, 172 (Tex. 1983).

In its objections to McMillan's evidence, Little City quoted paragraphs from McMillan's affidavits and highlighted sentences within those paragraphs to which it objected. In crafting its order, the district court similarly quoted the paragraphs quoted by Little City but did not include the highlights. As a result, the order reads as though it is granting objections to

10

language to which Little City never objected. Little City argues that the district court's order should be construed in light of its objections, such that the district court did not exclude evidence that was not the subject of an objection. McMillan agrees, noting that "Little City concedes the trial court did not exclude the unchallenged testimony," which "was therefore before the trial court and is properly considered in determining whether the court erred in granting summary judgment." Accordingly, we will review all evidence that was not subject to an objection in determining whether there was more than a scintilla of evidence of a defect in the foreclosure sale proceedings.

McMillan contends that two affidavits show that Black chilled the bidding at the foreclosure sale. McMillan generally complains that Black performed the foreclosure auction in a quiet voice and that the auction closed quickly. The first affiant complained that the "auctioneer opened the sale *almost* unnoticed by me" (Emphasis added.) He averred that the sale took less than ten seconds. The affiant complained that he was prepared to make a higher bid than the opening bid but did not have the opportunity to do so because he did not hear Black "say he had an opening offer or announce he was closing the bidding." However, the affiant also explains that upon "pressing the auctioneer and telling him I was prepared to make a significantly higher bid than what he had accepted, he asked if I had the funds in hand. I told him I did not." In other words, the affiant's complaint that he did not have an opportunity to participate in the bidding was undermined by his admission that he could not complete the purchase, the terms of which required the buyer to have the funds in hand. The affiant averred that he could have returned with payment the same day, but Little City urges that there was no requirement for Black to reopen the bidding of a sale that affiant was aware was in progress when it began or to wait for the affiant to return with funds. *See* Tex. Prop. Code § 51.0075(a)

11

(permitting trustee or substitute trustee to set "reasonable conditions" for conducting public sale), (f) (purchase price in sale is "payable without delay on acceptance of the bid *or* within such reasonable time as may be agreed upon by the purchaser and the trustee or substitute trustee" (emphasis added)).

The second affiant averred that Black had conducted the auction in a low voice but had repeated the opening bid on request of one of the auction's attendees. The affiant also asked Black to repeat the opening bid, and Black obliged, but the affiant was nonetheless "stunned" by how quickly the auction concluded. This second affiant did not express interest in bidding on the Property.

We conclude that the affidavits proffered by McMillan did not provide more than a scintilla of evidence that there was a defect in the foreclosure sale proceedings. Accordingly, we overrule McMillan's first issue and need not consider whether the motion should have been granted under the standard for traditional summary judgment. *See* Tex. R. App. P. 47.1.

**Expungement of Lis Pendens and Finding of Fraudulent Lien**

In pursuing his claims against Little City, McMillan recorded a fifth notice of lis pendens regarding the Property in the Official Public Records of Travis County. *See* Tex. Prop. Code § 12.007; *In re Collins*, 172 S.W.3d 287, 292 (Tex. App.—Fort Worth 2005, orig. proceeding) ("The lis pendens statute gives litigants a method to constructively notify anyone taking an interest in real property that a claim is being litigated against the property."). After granting Little City's motion for summary judgment, the district court ordered the notice of lis pendens expunged. The district court's expunction of the notice of lis pendens conformed to the Property Code's requirement that a court order a notice of lis pendens expunged if it determines

12

that the claimant fails to establish by a preponderance of evidence "the probable validity of the real property claim." *See* Tex. Prop. Code § 12.0071(c)(2).

The district court also determined that the fifth notice of lis pendens constituted a fraudulent lien on the Property. In arguing that McMillan had asserted a fraudulent lien, Little City relied on the fact that the district court had unequivocally told McMillan not to file a fifth lis pendens. The record shows that McMillan's fourth notice of lis pendens was ordered expunged at a hearing on January 10, 2019, while his appeal of the underlying action in that third suit was pending before this Court. Although McMillan represented to the district court at that hearing that he would not file a fifth notice of lis pendens, he nonetheless filed a fifth notice one day later. However, as we have explained, McMillan filed the fifth notice of lis pendens in relation to the present suit after he had purchased any claims SOCO might have had against Little City related to the Property, thereby acquiring standing. Because the fifth notice of lis pendens was filed in relation to a different suit and after McMillan had acquired standing to assert a claim for wrongful foreclosure of the Property, we conclude that Little City has not carried its burden on this record to show that McMillan had knowledge that the fifth notice of lis pendens was fraudulent. *See* Tex. Civ. Prac. & Rem. Code § 12.002 (describing elements of fraudulent liens); *Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no pet.) (applying fraudulent-lien statute to notice of lis pendens). We reverse the district court's determination that the fifth notice of lis pendens constituted a fraudulent lien and render judgment that Little City recover no damages under section 12.002 of the Civil Practice and Remedies Code based on the fifth notice of lis pendens. *See Aland v. Martin*, 271 S.W.3d 424, 433 (Tex. App.—Dallas 2008, no pet.).

**Anti-Suit Injunction**

We next turn to the propriety of the anti-suit injunction. An anti-suit injunction will issue "only in very special circumstances." *Golden Rule Ins. v. Harper*, 925 S.W.2d 649, 651 (Tex. 1996) (per curiam) (citing *Christensen v. Integrity Ins.*, 719 S.W.2d 161, 163 (Tex. 1986); *Gannon v. Payne*, 706 S.W.2d 304, 306 (Tex. 1986)). The Supreme Court of Texas has identified those circumstances as: (1) addressing a threat to a court's jurisdiction; (2) preventing the evasion of important public policy; (3) preventing a multiplicity of suits; and (4) protecting a party from vexatious or harassing litigation. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 512 (Tex. 2010); *Golden Rule*, 925 S.W.2d at 651. An anti-suit injunction is a remedy to be employed "sparingly" and only in the most "compelling" circumstances when "clear equity demands" it and when required to prevent an "irreparable miscarriage of justice." *See Golden Rule*, 925 S.W.2d at 651; *Gannon*, 706 S.W.2d at 307. The party seeking the injunction bears the burden to demonstrate that "a clear equity is present." *Christensen*, 719 S.W.2d at 163. We review a trial court's anti-suit injunction under an abuse-of-discretion standard. *Gannon*, 706 S.W.2d at 305.

In this case, the district court granted a permanent anti-suit injunction in its judgment. Although it was not a pre-judgment temporary injunction of the sort at issue in *Golden Rule*, the parties on appeal structure their arguments on the issue around *Golden Rule* and other precedent involving temporary anti-suit injunctions. *See Golden Rule Ins.*, 925 S.W.2d at 651. We will likewise presume that *Golden Rule* applies.

McMillan acknowledged that Little City's carrying costs are $1861 per month and that filing lawsuits and notices of lis pendens against the Property clouds its title. However, he contends that the district court abused its discretion by entering an anti-suit injunction against

14

him, arguing that even if he did file another wrongful-foreclosure action or notice of lis pendens, Little City has an adequate remedy in that it can remove the cloud on title when the underlying suit lacks merit. Little City argues that if it was required to show that it had probable right to the relief sought and a probable, imminent, and irreparable injury, it did so. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). In granting the injunction, the district court found that Little City faces immediate and irreparable injury with no adequate remedy at law and had demonstrated a probable right to the relief sought. Specifically, the district court included findings that there was no genuine issue of material fact as to whether Little City properly conducted the foreclosure sale of the Property, there were no defects in the sale, all parties entitled to notice of the sale received it, and "McMillan has attempted to stall or otherwise thwart the foreclosure process and Little City's good title to the Property through repeated, vexatious litigation."

Based on the record before us, we cannot conclude that the district court abused its discretion in granting the anti-suit injunction and enjoining McMillan from filing further notices of lis pendens against the Property.

## CONCLUSION

For the foregoing reasons, we reverse the district court's judgment finding that the fifth notice of lis pendens constituted a fraudulent lien and awarding Little City damages under section 12.002 of the Civil Practice and Remedies Code and render judgment that Little City take nothing on its claim for a fraudulent lien. The district court's judgment is otherwise affirmed.

_____

Gisela D. Triana, Justice

15

Before Chief Justice Rose, Justices Baker and Triana

Affirmed in Part, Reversed and Rendered in Part

Filed:   September 30, 2020