**Affirmed and Opinion filed September 25, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-17-00354-CV

**AMIR A. CHAMIE, Appellant**

**V.**

**MEMORIAL HERMANN HEALTH SYSTEM, D/B/A UNIVERSITY PLACE RETIREMENT HOME, AND CROTHALL HEALTHCARE, INC.,**
**Appellees**

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-32676**

**O P I N I O N**

In this slip-and-fall, personal injury case, appellant Amir A. Chamie appeals from the trial court's grant of no-evidence summary judgment favoring appellees Memorial Hermann Health System, d/b/a University Place Retirement Home, and Crothall Healthcare, Inc. In two issues, Chamie contends that the trial court erred in granting summary judgment because he presented more than a scintilla of

evidence to support the challenged element of his claims and the appellees' motion was filed prematurely. We affirm.

## *Background*

Chamie alleged that he slipped and fell in a liquid substance left on the floor while visiting his grandmother in a nursing home. Memorial Hermann owns the nursing facility at which Chamie alleges he was injured. Crothall provides janitorial services at the facility. Chamie sued both companies, asserting negligence under a theory of premises liability.[1]

Memorial Hermann and Crothall filed a joint no-evidence motion for summary judgment asserting that Chamie could not produce evidence to support the causation element of any of his claims.[2] Chamie filed a two-page response to the motion, in which he purported to attach an appendix; however, the only document attached to the response was a single-sheet table of contents. This table of contents lists four exhibits, but no exhibits are attached to the response or otherwise appear in the record. Chamie insists in his appellate brief that he filed the exhibits with the trial court. Memorial Hermann and Crothall insist that he did not. Chamie requested two supplemental clerk's records from the trial court but neither contains the exhibits Chamie claims he attached to the response. Chamie has attached exhibits to his appellate brief that purport to be the exhibits in question.

Appellees filed their no-evidence motion on March 15, 2017, twelve days

---

[1] At one point in the proceedings, the trial court dismissed Chamie's claims because he did not file an expert report as required for healthcare liability claims. Concluding that Chamie's claims are not, in fact, healthcare liability claims, we reversed and remanded the case for further proceedings. *Chamie v. Mem'l Hermann Health Sys.*, No. 14-14-00213-CV, 2015 WL 4141106 (Tex. App.—Houston [14th Dist.] July 9, 2015, no pet.) (mem. op.).

[2] Memorial Hermann contends on appeal that in the motion Memorial Hermann also asserted Chamie could produce no evidence of damages, but we need not determine whether Memorial Hermann is correct to resolve the issues in this appeal.

before the end of the discovery period set in the trial court's docket control order, and set the motion for oral hearing on May 1, 2017, over a month after the expiration of the discovery period. The trial court granted the motion, and this appeal followed.

### *Summary Judgment*

In his first issue, Chamie contends the trial court erred in granting summary judgment because he presented more than a scintilla of evidence to establish that appellees' conduct caused his injuries.[3] To defeat a no-evidence motion for summary judgment, the responding party must present evidence raising a genuine issue of material fact supporting each element contested in the motion. *See* Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). When reviewing a trial court's grant of such a motion, we consider the evidence presented in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Id*. We review a no-evidence summary judgment de novo. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156–57 (Tex. 2004).

In support of his assertion that appellees' conduct caused his alleged injuries, Chamie cites (1) his own pleadings, (2) exhibits he attached to his appellate brief that do not appear in the record, and (3) the appendix table of contents that he attached to his summary judgment response. For the reasons stated

---

[3] The parties disagree as to whether Chamie was an invitee or a licensee on the Memorial Hermann premises, but there is no disagreement that Chamie's pleaded claims require proof of causation and that appellees challenged at least this element in their no-evidence motion. *See Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 352 (Tex. 2015) (listing elements for general negligence cause of action); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99–100 (Tex. 2000) (listing elements for invitee premises liability claim); *State v. Williams*, 940 S.W.2d 583, 584 (Tex.1996) (listing elements for licensee premises liability claim).

below, none of these items constituted proper summary judgment evidence.

Pleadings generally are not proper summary judgment evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971); *Nguyen v. Citibank N.A.*, 403 S.W.3d 927, 932 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Chamie offers no explanation as to why this court should treat his pleadings as summary judgment evidence, and we discern no reason to do so; the pleadings simply contain Chamie's allegations in this case and are not evidence. Likewise, we cannot consider the attachments to Chamie's brief, as they are not a part of the appellate record. *See, e.g., Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 n.2 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Gibson v. Grocers Supply Co.*, 866 S.W.2d 757, 760 n.4 (Tex. App.—Houston [14th Dist.] 1993, no writ). And lastly, the table of contents that Chamie attached to his response as an exhibit did not present any actual evidence; it was merely a list of documents that are not in the record.

The record demonstrates that Chamie did not file any evidence in response to appellees' no-evidence motion for summary judgment, much less any evidence that appellees' conduct caused Chamie's alleged injuries. Accordingly, the trial court did not err in granting the motion.[4] *See* Tex. R. Civ. P. 166a(i); *Doherty v. Old Place, Inc.*, 316 S.W.3d 840, 845 (Tex. App.—Houston [14th Dist.] 2010, no pet.). We therefore overrule Chamie's first issue.

### *Time for Discovery*

In his second issue, Chamie asserts that the trial court erred in granting summary judgment because appellees' motion was filed prematurely. Chamie

---

[4] Chamie does not assert that the trial court's record shows that he filed the evidence and that the court clerk below simply failed to include it in the record.

4

complains specifically that appellees' motion was filed before the discovery deadline set in the trial court's docket control order.[5]

Texas Rule of Civil Procedure 166a(i) provides that a party without the burden of proof may move for a no-evidence summary judgment after an adequate time has passed for discovery. Tex. R. Civ. P. 166a(i). By granting appellees' motion, the trial court implicitly found that an adequate time for discovery passed before its consideration of the motion. *See generally McInnis v. Mallia*, 261 S.W.3d 197, 200-01 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We review the trial court's determination that there has been an adequate time for discovery on a case-by-case basis, under an abuse-of-discretion standard. *Id*. at 201.

The docket control order in this case contained two relevant provisions: (1) the discovery period ended March 27, 2017 and (2) no-evidence motions for summary judgment could not be heard before April 3, 2017. Chamie argues that, pursuant to the comment to Rule 166a(i) and this court's precedent in *McInnis*, the trial court could not consider a motion filed earlier than March 27, 2017.[6] We disagree.

The pertinent date for determining whether a no-evidence motion was made prematurely is not the date on which the motion was filed but the final date on which the motion was presented to the trial court for ruling. *E.g., Cardenas v.*

---

[5] We presume without deciding that Chamie preserved this issue for appellate review. To complain that there has been inadequate time for discovery under Rule 166a(i), a nonmovant must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See Tenneco, Inc. v. Enter. Prods., Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Lindsey Constr., Inc. v. AutoNation Fin. Servs., LLC*, 541 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

[6] The comment to rule 166a(i) states in part: "[a] discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a motion under paragraph (i) would be permitted after the period but not before." Tex. R. Civ. P. 166a cmt.

*Bilfinger TEPSCO, Inc.*, 527 S.W.3d 391, 404 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *McInnis*, 261 S.W.3d at 200. Here, although the motion was filed on March 15, 2017, twelve days before the end of the discovery period set by the trial court, the appellees did not present the motion to the trial court for ruling until May 1, 2017, over a month after the expiration of the discovery period and during a time period specifically provided in the docket control order. The trial court did not err merely by considering the motion for summary judgment during this time period.[7]

Chamie additionally argues under this issue that the trial court erred in granting summary judgment when a continuance of the trial date was granted shortly before the court ruled on the summary judgment motion. Chamie filed an unopposed motion for a continuance of the trial setting on March 30, 2017; however, he did not request a continuance of the hearing on the motion for summary judgment. The record does not contain an express ruling on Chamie's motion for continuance, but it does contain an order, dated April 12, 2017, resetting the trial for the two-week trial docket beginning October 9, 2017. This order explicitly stated that "[a]ll previous pre-trial deadlines remain in effect, unless changed by the court." The order therefore did not reset any date or deadline other than the trial setting itself. The trial court did not abuse its discretion in ruling on the motion for summary judgment at the time it did.

Finding no merit in any of Chamie's arguments, we overrule Chamie's second issue.

---

[7] We further note that by the time of the hearing on the motion, this simple slip-and-fall case had been back in the trial court for 585 days since being remanded after a prior appeal and had gone through two separate discovery periods under two different docket control orders. Chamie had adequate time for discovery before the no-evidence motion was presented. *See generally McInnis*, 261 S.W.3d at 201 (setting forth factors).

We affirm the trial court's judgment.

/s/    Martha Hill Jamison
Justice

Panel consists of Chief Justice Frost and Justices Christopher and Jamison.