

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00065-CV

_____

JEFFREY MURTHA, JAMES BREWER, LARRY BERKMAN, AND CHASIN
JASON, INC., Appellants

V.

SAVVY'S, INC., ICIE BERKMAN, AND WENDIE M. KRICKER, Appellees

---

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-284263-16

---

Before Sudderth, C.J.; Pittman and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellants Jeffrey Murtha, James Brewer, Larry Berkman, and Chasin Jason, Inc., ("Murtha") appeal the trial court's order granting appellees Savvy's, Inc., Icie Berkman, and Wendie M. Kricker's ("Savvys") no-evidence summary judgment motion. In one issue, Murtha argues that the trial court erred by not continuing the no-evidence summary judgment hearing, thereby not allowing them to conduct sufficient discovery to respond to the motion. Because we hold that Murtha never sought a continuance nor requested a ruling regarding a continuance of the no-evidence summary judgment hearing, we will affirm.

### II. BACKGROUND

In March 2016, Murtha sued Savvys, and other defendants no longer a part of this suit, for breach of contract, fraud, negligent misrepresentation, breach of fiduciary duty, negligence, conversion, and conspiracy. Judge Wade Birdwell, then sitting as the trial court judge of the 342nd Judicial District of Tarrant County, signed this case's first scheduling order on December 2, 2016, and set a trial date for April 10, 2017. Later, Judge Birdwell signed a second scheduling order on January 24, 2017, and reset the trial date for July 17, 2017. Judge Birdwell reset the trial date again for December 11, 2017. The record before this court does not contain any motions for continuance regarding the twice resetting of the trial date, but the record indicates that

the continuances were granted based on Murtha's having filed verified motions for continuance.

During discovery wherein Murtha deposed each of the selected defendants and propounded interrogatories to each of the defendants, Murtha learned that Savvys's computer, which they utilized to conduct accounting of the business, had been stolen. On November 2, 2017, Judge Birdwell held a hearing regarding Savvys's motion for protective order and motion to quash further discovery regarding Murtha's request that Savvys produce all phones, texts, and email accounts related to the stolen computer. Judge Birdwell granted Savvys's motion in part but ordered that subpoenas be served upon two email providers related to email accounts that may have been used on the stolen computer.

Also during the discovery period, Savvys filed an amended, no-evidence summary judgment motion on October 18, 2017, at 2:30 p.m.[1] Earlier that same day, at 9:02 a.m., Murtha filed "Plaintiffs' Motion for Continuance," wherein Murtha stated that they were making a "third, verified motion for continuance on the grounds that [Murtha] are not able [to] go to trial in this case at its present setting." The continuance motion did not specify the December 11, 2017 trial date, but Murtha did state in the motion the need to complete subpoenas of email providers, presumably including the emails that Judge Birdwell later ordered discoverable. It also stated that

[1]Savvys filed their first traditional and no-evidence motions for summary judgment on May 25, 2017.

3

if certain evidence was not obtained, Murtha may have to "request an adverse inference from the trier of fact." Murtha responded to Savvys's no-evidence summary judgment motion on November 9, 2017.

On November 16, 2017, visiting Judge John Weeks conducted a hearing.[2] Initially, the hearing was regarding several motions including Murtha's continuance motion and Savvys's no-evidence summary judgment motion.[3] At the beginning of the hearing, Judge Weeks inquired of Murtha's trial counsel about the continuance motion. The following exchange occurred:

> THE COURT: And I have a list -- I have here, it says -- of what's supposed to be done today. And you filed a motion for continuance, and then someone wrote on my docket sheet here, it's hard for me to read, but of trial, of the trial; is that --
>
> [Murtha's Trial Counsel]: Yes, Your Honor, motion for continuance of trial date.
>
> THE COURT: When is the case set for trial?
>
> [Murtha's Trial Counsel]: December 11th.
>
> THE COURT: Oh, in two weeks. Okay.

---

[2]Judge Birdwell was appointed to this court on November 10, 2017.

[3]The hearing was initially set to hear the traditional and no-evidence summary judgments motion by the other defendants who are no longer parties to this suit, as well as Savvys's traditional and no-evidence summary judgment motions, Murtha's motion for continuance, and Murtha's motion for leave to file a response, but only Savvys's and the other defendant's no-evidence summary judgments were heard.

As the hearing proceeded, the parties discussed which motion should be heard first, and the hearing quickly evolved into a hearing specifically regarding Savvys's and the other defendants' no-evidence summary judgment motions. As the parties made their arguments to Judge Weeks, Murtha repeated more than once that they had not yet been able to obtain or analyze the emails that Judge Birdwell ordered discoverable and that they "need[ed] that continuance to complete this." But Murtha stated that they were "going to go ahead and stand on [their] pleadings for the rest of [their] response [to Savvy's no-evidence summary judgment]," and Murtha argued that they had presented sufficient evidence in their response to overcome Savvys's no-evidence summary judgment motion.

At the end of the hearing, Judge Weeks took Savvys's no-evidence summary judgment motion under advisement. As the hearing closed, Murtha's trial counsel asked Judge Weeks, "Was there a ruling on the continuance?" Judge Weeks replied, "Not yet." Murtha's trial counsel then stated that he had "a proposed order for the continuance." Judge Weeks said, "Okay. Thank you[,]" and the hearing concluded. The record before this court does not contain a copy of the proposed order for continuance.

On November 27, 2017, Judge Weeks signed an order granting Savvys's no-evidence summary judgment motion. This appeal followed.

5

## III. DISCUSSION

In their sole issue, Murtha argues that the trial court "erred when it granted a no-evidence summary judgment against [Murtha] before they could obtain any of the discovery that the trial court ordered [Savvys] to produce." Murtha candidly admits that the success of their appeal is contingent on this court holding that Judge Weeks erred by ruling on Savvys's no-evidence summary judgment motion prior to the completion of the discovery Judge Birdwell had ordered the week prior. Savvys counters, among other arguments, that Murtha never sought a continuance of the no-evidence summary judgment hearing and thus waived any complaint about their lack of time and ability to secure the additional discovery that Judge Birdwell ordered. We agree with Savvys.

"When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *see Watson v. Dallas Indep. Sch. Dist.*, 135 S.W.3d 208, 227 (Tex. App.—Waco 2004, no pet.) (applying the rule from *Tenneco* to no-evidence summary judgment), disapproved on other grounds by *Univ. of Tex. Med. Branch at Galveston v. Barrett*, 159 S.W.3d 631 (Tex. 2005). If neither of these steps is taken, error is not preserved for our review. *See Tenneco*, 925 S.W.2d at 647; *see also Kaldis v. Aurora Loan Servs.*, 424 S.W.3d 729, 736 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Furthermore, a motion for continuance

of a trial setting does not preserve error for our review of the granting of a no-evidence summary judgment motion when no continuance of the no-evidence summary judgment hearing was sought. *Chamie v. Mem'l Hermann Health Sys.*, 561 S.W.3d 253, 257 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Here, even though Murtha filed a "third, verified motion for continuance" asking the trial court to reset the trial date, Murtha did not file a motion seeking a continuance of the no-evidence summary judgment hearing. Thus, Murtha has not preserved the issue of whether Judge Weeks erred by ruling on Savvys's no-evidence summary judgment motion prior to the completion of the discovery that Judge Birdwell ordered. *See id.*

In their reply brief, Murtha argues that because they had filed a motion for continuance of "trial" and because a summary judgment is a type of "trial," they preserved this issue for our review. We disagree. The record firmly establishes that the continuance sought was that of the trial setting. Indeed, the motion that Murtha filed stated that it was the "third, verified" motion for continuance being sought. The record establishes that the trial setting had in fact been continued twice before. The motion also stated that Murtha was unable to "go to trial in this case at its present setting," and no hearing for Savvys's amended no-evidence summary judgment had been set at the time Murtha filed their continuance motion. And given that Murtha filed their motion for continuance earlier in the day than Savvys filed their amended no-evidence summary judgment motion, Murtha could not have been responding to

7

Savvys's motion by filing the continuance motion. Murtha's continuance motion also stated that if the trial setting was not continued, then Murtha would be compelled to "request an adverse inference from the trier of fact." All of this evidence points to the fact that Murtha's continuance motion was directed toward the trial setting and not the no-evidence summary judgment hearing.

Moreover, at the beginning of the no-evidence summary judgment hearing, Judge Weeks asked Murtha's trial counsel about the continuance motion. Murtha's trial counsel explicitly stated that the continuance motion was directed at the trial setting and then confirmed that the trial was currently set for December 11, 2017—a date that would have been more than three weeks after the no-evidence summary judgment hearing that the trial court held on November 16, 2017. Furthermore, during the hearing, the parties discussed with the trial court the propriety of needing to rule on the continuance motion if the trial court was ruling on the no-evidence summary judgment motion. And at the end of the hearing, Murtha's trial counsel asked whether there had been "a ruling on the continuance," to which the trial court replied, "Not yet." Thus, Murtha's contention that its continuance motion was directed at the no-evidence summary judgment hearing is not supported by the record.

It should be noted that at the hearing and in their response to Savvys's no-evidence summary judgment motion, Murtha stated multiple times that they needed to complete the additional discovery in order to properly respond to Savvys's no-

evidence summary judgment motion. But at no time did Murtha ever bring to the attention of the trial court an affidavit or verified motion for continuance of the no-evidence summary judgment hearing. Equally important, the record does not show that the trial court either denied such a motion or refused to rule on such a motion. And to the extent that the trial court refused to rule on the alleged motion, the record does not show that Murtha objected to that refusal. As a result, we conclude that there is a second, independent reason why Murtha has failed to preserve this issue for our review—the trial court never ruled on a continuance request nor did the trial court refuse to rule. *See Bryant v. Jeter*, 341 S.W.3d 447, 450–51 (Tex. App.—Dallas 2011, no pet.); *see also Yazdchi v. Walker*, No. 01-05-00177-CV, 2009 WL 1270395, at *2 (Tex. App.—Houston [1st Dist.] May 7, 2009, pet. denied) (mem. op.) ("Because the record does not show that the motion for continuance was filed and brought to the attention of the trial court or that the trial court ruled on it before it granted summary judgment, we conclude that the appellants have failed to preserve error, if any, on this issue."). We overrule Murtha's sole issue on appeal.[4]

---

[4]We do not address the merits of the no-evidence summary judgment motion because Murtha does not address them in their briefing. In their brief, Murtha frames the issue as, "Did the visiting judge abuse his discretion when granting summary judgment and refusing to rule on [Murtha's] motion for continuance?" Later, in their reply brief, Murtha added, "Because the continuance should have been granted, [Savvys's] arguments regarding the merits of its summary-judgment motion are irrelevant to this appeal."

9

## IV. CONCLUSION

Having overruled Murtha's sole issue on appeal, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered: June 6, 2019