# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00090-CV

---

**Madeleine Connor, Appellant**

**v.**

**Hill Country Animal Hospital and Dr. James R. Holcomb, Appellees**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NO. C-1-CV-16-005061, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is a veterinary-malpractice dispute. Madeleine Connor appeals from an order granting summary judgment to appellees Dr. James R. Holcomb and Hill Country Animal Hospital, a professional association (Hill Country). We will affirm.

## BACKGROUND[1]

In July 2014, Connor took her golden retriever, Owen, to Hill Country for treatment of an ear infection. A veterinarian (not Dr. Holcomb) prescribed medication to treat the infection, and Connor filled the prescription at Hill Country's in-house pharmacy. The medication did not clear up Owen's symptoms completely, and Connor brought Owen in for another appointment. Dr. Holcomb examined Owen and told Connor that the infection persisted because she had not regularly applied the medication. The infection did not resolve even after

---

[1] We take this description of events from the allegations in Connor's live petition.

regular applications, and Dr. Holcomb took a culture of the ear to determine the cause of the infection. The culture showed the ear was infected by a bacterium not curable by Owen's current medication, and Dr. Holcomb prescribed a different one. Connor bought the new medication, again filled by Hill Country's in-house pharmacy, and applied it as directed. Owen's symptoms initially improved but then significantly worsened. Connor called Dr. Holcomb, and he told her that she must be administering the medication incorrectly and to bring Owen in for another appointment. Dissatisfied with this opinion, Connor consulted several other veterinarians. A veterinarian at Gulf Coast Veterinary Specialists diagnosed Owen with a yeast infection and prescribed medication that quickly eliminated all of Owen's symptoms. The veterinarian explained to Connor that the second medication prescribed by Dr. Holcomb had actually cured the original infection but created a "favorable environment" for a yeast infection.

Connor subsequently sued Dr. Holcomb and Hill Country over Owen's treatment. She alleged that Dr. Holcomb was negligent for failing to recognize and treat the yeast infection and that Hill Country, acting through Dr. Holcomb, misrepresented the effectiveness of the medications from its pharmacy in violation of the Deceptive Trade Practices Act (DTPA). *See* Tex. Bus. & Com. Code § 17.46(b)(5) (providing that "representing that goods or services have characteristics, ingredients, uses, benefits, or quantities which they do not have" is deceptive trade practice). More specifically, Dr. Holcomb allegedly represented that the drugs he prescribed "would cure the ear infection" while knowing the medication would be ineffective or "ma[ke] the infection worse."

The defendants filed a combined motion for summary judgment in which Hill Country asserted a traditional ground and Dr. Holcomb a no-evidence ground. *See* Tex. R. Civ. P. 166a(c), (i). Hill Country argued that the Veterinary Licensing Act barred Connor's DTPA

2

claim as a matter of law. *See* Tex. Occ. Code § 801.507 ("Nonapplicability of Deceptive Trade Practices-Consumer Protection Act"). Dr. Holcomb argued there was no evidence for any of the essential elements of Connor's negligence claim. Connor filed a verified response and attached an excerpt from Owen's chart documenting his treatment at Gulf Coast Veterinary Specialists. The district court granted the motion without stating its reasons. This appeal followed.

## STANDARD OF REVIEW

We review a court's ruling on a motion for summary judgment de novo. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019). A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). To defeat a no-evidence motion, the nonmoving party must produce evidence raising a genuine issue of material fact as to the challenged elements of its claim. *Id.* R. 166a(i). "A genuine issue of material fact exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *First United Pentecostal Church v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). In reviewing either type of summary judgment motion, we view the evidence in the light most favorable to the nonmoving party and indulge every reasonable inference and resolve all doubts against the motion. *Carter*, 573 S.W.3d at 790.

## DISCUSSION

Connor argues in three issues that she raised a genuine issue of material fact on her claim against Dr. Holcomb and that Hill Country is not exempt from her DTPA claim as matter of law.

3

We first address whether Connor raised a genuine issue of material fact on the essential elements of her negligence claim against Dr. Holcomb. The elements of a negligence claim are "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017). The parties dispute whether Connor must use expert testimony to raise a fact issue on these elements. "Expert testimony is necessary when the alleged negligence is of such a nature as not to be within the experience of the layman." *FFE Transp. Servs. v. Fulgham*, 154 S.W.3d 84, 90 (Tex. 2004) (quoting *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982)). We do not reach this question because Connor did not carry her burden even if expert testimony is not required. Her only summary judgment evidence is a page from Owen's chart at Gulf Coast Veterinary Services.[2] That page contains notes from a veterinarian reflecting that Owen's ear was improving but that "some yeast have come into play in the ear" and that "[t]his is not unusual" after treatment. This evidence does not raise a fact issue regarding the act or failure to act by which Dr. Holcomb breached his duty to Connor. It also does not provide evidence of damages resulting from that alleged breach. The district court accordingly did not err by granting no-evidence summary judgment to Dr. Holcomb.

---

[2] Connor argues in her third issue that her response is competent evidence because she verified it with a sworn affidavit. "Generally, a party's pleadings do not constitute summary judgment evidence, even if sworn or verified." *H2O Sols., Ltd. v. PM Realty Grp.*, 438 S.W.3d 606, 616 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (citing *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995)). Connor's response merely restates the factual allegations from her petition and argues why the district court should deny the motion. We reject her request to treat her response as evidence. *See Chamie v. Mem'l Hermann Health Sys.*, 561 S.W.3d 253, 256 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("Chamie offers no explanation as to why this court should treat his pleadings as summary judgment evidence, and we discern no reason to do so; the pleadings simply contain Chamie's allegations in this case and are not evidence."). We overrule Connor's third issue.

In her second issue, Connor argues the district court erred if it concluded that Section 801.507 of the Veterinary Licensing Act barred her DTPA claim against Hill Country. *See* Tex. Occ. Code § 801.507 (providing that DTPA "does not apply to a claim against a veterinarian for damages alleged to have resulted from veterinary malpractice or negligence"). This raises a question of statutory construction, which is an issue of law that we review de novo. *Paxton v. City of Dallas*, 509 S.W.3d 247, 256 (Tex. 2017). Our goal when construing a statute is to ascertain and give effect to the Legislature's intent as expressed in the statutory language. *Id.* We apply the plain meaning of the statute's words unless the legislature supplied a different meaning or a more precise one is apparent from the context. *Cadena Comercial USA Corp. v. Texas Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017).

Connor reasons that Section 801.507 does not bar her claim because she has not alleged that a "medical decision[] of [Dr.] Holcomb" was negligent or amounted to malpractice. Instead, she argues, her claim arises from Hill Country's misrepresentations that the drugs it dispensed would cure the infection. In other words, she contends Section 801.507 does not apply because Hill Country was not engaged in the practice of veterinary medicine. We disagree. Associations and other legal entities may "engage in veterinary medicine" if "owned exclusively by one or more persons licensed to practice veterinary medicine." Tex. Occ. Code § 801.506(b). There is no dispute that Dr. Holcomb is a licensed veterinarian, owns and operates Hill Country, and acted as Hill Country's agent while treating Owen. The dispositive question, then, is whether Dr. Holcomb was practicing veterinary medicine when he made the alleged misrepresentations. The Licensing Act defines the practice of veterinary medicine to mean, in relevant part, "the diagnosis, treatment, correction, change, manipulation, relief, or prevention of animal disease . . . *including the prescription or administration of a drug*." *Id.* § 801.002(5)(A)

5

(emphasis added). Connor claims that Dr. Holcomb deliberately prescribed the wrong drug to treat an animal's ear infection and made misrepresentations to the animal's owner about the effectiveness of that treatment. Her pleadings demonstrate on their face that Dr. Holcomb was engaged in the practice of veterinary medicine. *See id.* Because her DTPA claim against Hill Country is based on Dr. Holcomb's alleged veterinary malpractice, Section 801.507 bars her claim as a matter of law. *See Downing v. Gully*, 915 S.W.2d 181, 186 (Tex. App.—Fort Worth 1996, writ denied) (concluding Section 801.507's predecessor statute barred claim against clinic alleging malpractice by veterinarian); *Williams v. Neutercorp*, No. 01-94-00823-CV, 1995 WL 231140, at *3 & n.5 (Tex. App.—Houston [1st Dist.] Apr. 20, 1995, no writ) (mem. op.) (same). The district court did not err by granting summary judgment to Hill Country.

We overrule Connor's issues on appeal.

## CONCLUSION

We affirm the district court's judgment.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed:  October 17, 2019

6