**Affirmed and Memorandum Opinion filed December 31, 2019.**



**In the**

# Fourteenth Court of Appeals

### NO. 14-18-00589-CV

**ASHANTI MCKINNEY, Appellant**

**v.**

**HP FANNIN PROPERTIES, L.P., AND MIDWAY COMPANIES, L.L.C., Appellees**

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2017-38802**

## MEMORANDUM OPINION

In this personal-injury case, the trial court rendered a no-evidence summary judgment against appellant Ashanti McKinney on all her claims against appellees HP Fannin Properties, L.P., and Midway Companies, L.L.C. The summary judgment became final and appealable when the trial court severed all McKinney's claims against HP Fannin and Midway. In a single issue, McKinney argues that the trial court abused its discretion in rendering summary judgment because "there had not

been adequate time for discovery." We affirm.

## I. BACKGROUND

McKinney alleged that she was seriously injured when, as she was entering an elevator, the doors slammed shut and struck her. McKinney alleged that the incident occurred at a building owned or occupied by HP Fannin and managed by Midway. On June 9, 2017, McKinney, an employee for one of the building's tenants, sued HP Fannin and Midway, asserting negligence under various theories. McKinney also sued Schindler Elevator Corporation, alleged to be the maintenance contractor for the elevator.[1]

HP Fannin, Midway, and Schindler answered suit. On August 23, 2017, the trial court signed a docket-control order, including deadlines for the oral hearing or submission of dispositive motions and pleas. No-evidence summary-judgment motions could not be heard before June 1, 2018. The docket-control order was sent to all counsel of record, including counsel for McKinney.

On April 4, 2018, Schindler filed a no-evidence motion for summary judgment asserting McKinney could not produce evidence to support that Schindler breached its duty of care regarding the elevator or that any breach proximately caused her injuries. McKinney filed a "response and/or [in] the alternative motion to co[n]tinue the hearing on Defendant Schindler Elevator Corporation's no-evidence motion for summary judgment."[2] Specifically, McKinney requested that the trial court continue the hearing on Schindler's summary-judgment motion

---

[1] McKinney also sued ThyssenKrupp Elevator Corporation, alleged to be the designer, manufacturer, installer, and service contractor for the elevator. However, McKinney dismissed her claims as to ThyssenKrupp.

[2] To her response, McKinney attached: excerpts from her deposition, an affidavit from her co-trial counsel, Schindler's responses to ThyssenKrupp's requests for admissions, and a copy of her motion to continue the trial as supported by her lead trial counsel's affidavit.

until after the trial court ruled on McKinney's pending motion to continue the trial.[3]

On May 4, 2018, HP Fannin and Midway filed a no-evidence motion for summary judgment asserting that McKinney could not produce evidence to support they owed her a legal duty, they breached that duty, a premises defect or dangerous condition existed, they knew or should have known of any dangerous condition, and any breach proximately caused her injuries. McKinney did not file a response to HP Fannin's and Midway's summary-judgment motion. McKinney did not request a continuance of the hearing on HP Fannin's and Midway's no-evidence summary-judgment motion. On May 10, 2018, McKinney filed a verified motion to continue the trial with an affidavit in support by her lead trial counsel.

On June 1, 2018, the trial court held a hearing[4] and signed an order granting HP Fannin's and Midway's no-evidence motion for summary judgment. In its summary-judgment order, the trial court ordered that McKinney take nothing against HP Fannin and Midway. That same day, the trial court also signed an order granting McKinney's motion to continue the trial. On June 7, 2018, McKinney filed a motion to sever her claims against HP Fannin and Midway. On July 12, 2018, the trial court signed an order granting this severance motion. McKinney timely appealed.

## II.    ANALYSIS

In a single issue, McKinney argues that the trial court abused its discretion in granting HP Fannin's and Midway's no-evidence summary judgment because "there had not been adequate time for discovery." McKinney primarily relies on her motion

---

[3] Our record does not contain a ruling on Schindler's summary-judgment motion or on McKinney's "alternative" motion to continue the hearing on Schindler's summary-judgment motion.

[4] The record does not contain a transcript of this summary-judgment hearing. According to HP Fannin and Midway, McKinney did not appear at the hearing.

for continuance and on the trial court's granting of such motion.

"After adequate time for discovery," a party may file a "no-evidence" motion for summary judgment if "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i). "The trial court may order a continuance of a summary-judgment hearing if it appears 'from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition.'" *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (quoting Tex. R. Civ. P. 166a(g)). "When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) (citing Tex. R. Civ. P. 166a(g), 251, 252). This requirement applies in both the traditional and the no-evidence summary-judgment context. *Id.* (traditional); *Lindsey Constr., Inc. v. AutoNation Fin. Servs., LLC*, 541 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (no evidence); *Berry v. Covarrubias*, No. 14-03-01137-CV, 2004 WL 1631117, at *4 (Tex. App.—Houston [14th Dist.] July 22, 2004, no pet.) (mem. op.) (both). Whether to grant a party additional time to conduct discovery before summary judgment is a matter for the trial court's discretion. *Tenneco*, 925 S.W.2d at 647; *see Joe*, 145 S.W.3d at 161 (outlining nonexclusive factors).

Here, McKinney filed neither a motion for continuance of the hearing on HP Fannin's and Midway's no-evidence motion for summary judgment nor an affidavit explaining the need for further discovery before the hearing on such motion. McKinney did not ask the trial court to defer ruling on HP Fannin's and Midway's no-evidence summary-judgment motion. Indeed, McKinney filed nothing in

4

response to HP Fannin's and Midway's no-evidence motion. Therefore, McKinney waived any complaint based on the need for discovery. *See, e.g.*, *Murtha v. Savvy's, Inc.*, No. 02-18-00065-CV, 2019 WL 2432150, at *3 (Tex. App.—Fort Worth June 6, 2019, pet. denied) (mem. op.) ("[A]t no time did Murtha ever bring to the attention of the trial court an affidavit or verified motion for continuance of the no-evidence summary judgment hearing."); *Berry*, 2004 WL 1631117, at *4 (appellant waived complaint that inadequate existed time for discovery when he did not file motion for continuance or affidavit explaining need for further discovery before summary-judgment hearing).

In addition, McKinney's reliance on her verified motion to continue the trial and on the trial court's trial-continuance ruling to preserve her issue is misplaced. "[A] motion for continuance of a trial setting does not preserve error for our review of the granting of a no-evidence summary judgment motion when no continuance of the no-evidence summary judgment hearing was sought." *Murtha*, 2019 WL 2432150, at *3 (citing *Chamie v. Memorial Hermann Health Sys.*, 561 S.W.3d 253, 257 (Tex. App.—Houston [14th Dist.] 2018, no pet.)).

Nevertheless, McKinney argues that the trial court abused its discretion in ruling on HP Fannin's and Midway's summary-judgment motion. McKinney contends that the trial court's order on the same day granting her motion to continue the trial was "an implied finding that there had not been adequate time for discovery" and it "necessarily follows that there could not have been adequate time for discovery at the time HP Fannin and Midway moved for summary judgment." But McKinney misinterprets the trial court's trial-continuance ruling.

The record instead demonstrates the trial court's granting of McKinney's motion for continuance was clearly a resetting of the trial only and did not imply any finding that McKinney did not have adequate time to respond to HP Fannin's and

5

Midway's no-evidence summary-judgment motion. In her verified motion to continue the trial, McKinney requested that trial be continued for 120 days. In her motion, McKinney did not request anything with regard to summary-judgment motions or hearings. Although she requested that the trial court extend the pretrial deadlines, in its order granting the motion for trial continuance, the trial court only ordered that the trial be reset. In fact, the trial court expressly *crossed out* the following portion of McKinney's proposed order: "In addition, it is **ORDERED** that discovery is reopened during the period that trial is continued and in accordance with the proposed deadline extensions." The order resetting the trial did not affect or reset any other deadline in the docket-control order. *See Chamie*, 561 S.W.3d at 257 (interpreting same language that "[a]ll previous pre-trial deadlines remain in effect").

We rejected an appellant's similar argument in *Chamie* when the issue concerned whether "the trial court erred in granting [no-evidence] summary judgment because [the] motion was filed prematurely," *i.e.*, because there had not been adequate time for discovery. *Id.* at 256–57. There, the appellant argued "that the trial court erred in granting summary judgment when a continuance of the trial date was granted shortly before the court ruled on the summary judgment motion." *Id.* at 257. We concluded that "[t]he trial court did not abuse its discretion in ruling on the motion for summary judgment at the time it did" when the appellant did not request a continuance of the hearing on the motion for summary judgment and, in the order resetting the trial date, the trial court did not otherwise reset any pretrial date or deadline. *Id.* at 256–57.

We overrule McKinney's sole issue.

### III.  CONCLUSION

Accordingly, we affirm the trial court's judgment.

/s/     Charles A. Spain
        Justice

Panel consists of Chief Justice Frost and Justices Spain and Poissant.