**Motion to Dismiss Denied; Affirmed and Memorandum Opinion filed March 26, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00712-CV

---

## STEPHANIE ALLEN, Appellant

## V.

## HELEN JUNGENBERG, Appellee

---

**On Appeal from the 344th District Court**
**Chambers County, Texas**
**Trial Court Cause No. CV27264**

---

## MEMORANDUM OPINION

Appellant Stephanie Allen and another party sued appellee Helen Jungenberg to quiet title, claiming adverse possession of real property that Jungenberg purchased at a tax foreclosure sale. Jungenberg counterclaimed for a declaration that she holds superior right to the property and that the clouds of title be removed. Jungenberg filed a motion for traditional summary judgment on her counterclaim, asserting her title to the property based on two grounds:

(1) application of the limitations statute, *see* Tex. Tax Code § 33.54; and (2) enforcement of a Rule 11 agreement, *see* Tex. R. Civ. P. 11. The trial court signed a final summary judgment, ordering that Jungenberg have title to the property and that the plaintiffs take nothing.

Allen appeals, contending that the trial court erred by granting the summary judgment because: (1) Jungenberg failed to include the tax sale judgment with the summary-judgment evidence; (2) Jungenberg's deed is void because Allen lacked notice of the tax suit; and (3) the purported Rule 11 agreement does not contain the essential elements of such an agreement. Jungenberg filed a motion to dismiss the appeal, alleging that a post-judgment sale of the property has mooted Allen's appeal. Neither party is represented by counsel on appeal.

We deny the motion to dismiss and affirm the trial court's judgment.

## A.    Motion to Dismiss

Jungenberg alleges in her unverified motion to dismiss that her post-judgment sale of the property has mooted Allen's claim to quiet title. *See Dominguez v. Dominguez*, 583 S.W.3d 365, 371 (Tex. App.—El Paso 2019, pet. denied) (holding that the post-judgment sale of the property to a third party mooted the appellant's claim to quiet title). As evidence of the sale, Jungenberg attaches to her motion an unauthenticated document purporting to be a deed from Jungenberg to a third party.

When a motion in this court depends on facts that are "(a) not in the record; (b) not within the court's knowledge in its official capacity; and (c) not within the personal knowledge of the attorney signing the motion," then the motion must be verified or supported by affidavit "or other satisfactory evidence." Tex. R. App. P. 10.2. Jungenberg is not an attorney, and her motion depends on facts that are

2

not in the record or within the court's knowledge. Thus, her motion is required to be supported by evidence. *See id.* The complete absence of authentication of a document is a defect of substance that makes the document incompetent as evidence. Thus, we do not consider Jungenberg's unauthenticated document attached to her unsworn motion to dismiss. *See In Estate of Guerrero*, 465 S.W.3d 693, 703–07 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc) (holding that there was "no competent evidence" of an agreement to arbitrate because the party had completely failed to authenticate the documents attached to its motions to compel arbitration).

Unlike in *Dominguez*, where the appellant did not dispute the appellee's assertion that the property had been sold, Allen contends that the purported transfer is "disputed" because it is a "sham conveyance" to Jungenberg's sister. *See Dominguez*, 583 S.W.3d at 371 (relying on Tex. R. App. P. 38.1(g) for the proposition that an appellate court will accept facts stated unless another party contradicts them). Because Jungenberg does not support her motion with competent evidence and Allen disputes Jungenberg's factual assertions in Allen's appellate briefing, the record does not show this appeal is moot. So, we deny Allen's motion to dismiss this appeal.

## B.     Summary-Judgment Standard of Review

We review de novo a declaratory judgment granted on a traditional motion for summary judgment. *Wausau Underwriters Ins. v. Wedel*, 557 S.W.3d 554, 557 (Tex. 2018). The movant has the burden to show that no genuine issue of material fact exists and that the judgment should be granted as a matter of law. *Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 449 (Tex. 2015). We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

## C.    Tax Sale Judgment

In her first issue, Allen contends that the summary judgment must be reversed because, although Jungenberg filed her deed with the summary judgment evidence, Jungenberg did not file the tax sale judgment.  Allen claims that the tax sale judgment is required to substantiate a judgment for title to property under section 33.54 of the Tax Code.

Section 33.54, entitled "Limitation on Actions Relating To Property Sold For Taxes," provides for limitations on actions relating to the title to property purchased at a tax sale.  *See* Tex. Tax Code § 33.54.  The general rule is that the action must be commenced "before the first anniversary of the date that the deed executed to the purchaser at the tax sale is filed of record."  *Id.* § 33.54(a)(1).  The statute also provides, "When actions are barred by this section, the purchaser at the tax sale or the purchaser's successor in interest has full title to the property, precluding all other claims."  *Id.* § 33.54(c).  Jungenberg relied on this statute as a ground for the summary judgment declaring her ownership of the property.

For the first time on appeal, Allen contends that Jungenberg failed to meet her evidentiary burden for summary judgment because, although Jungenberg filed her deed with a recording date more than a year before Allen sued, Jungenberg did not include the tax sale judgment with the summary-judgment evidence.  Allen relies on *Volunteer Council of Denton State School, Inc. v. Berry*, 795 S.W.2d 230, 237–39 (Tex. App.—Dallas 1990, writ denied), and its progeny.  This court declined to follow *Berry* in *Jordan v. Bustamante*, 158 S.W.3d 29, 40–41 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *Cedillo v. Gaitan*, 981 S.W.2d 388 (Tex. App.—San Antonio 1998, no writ)).  This court upheld the trial court's award of title to the successor of a tax sale purchaser, rejecting the

4

plaintiffs' contention that the successor "was required to introduce the tax judgment and order of sale in order to rely on § 33.54 limitations." *Id.* at 41.

*Jordan* is binding precedent. *See, e.g.*, *Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.), *quoted with approval in Brazos Elec. Power Coop., Inc. v. Tex. Comm'n on Envtl. Quality*, 576 S.W.3d 374, 382 n.6 (Tex. 2019). Thus, the trial court's summary judgment is not erroneous due to Jungenberg's failure to include the tax sale judgment with the summary-judgment evidence. *See Jordan*, 158 S.W.3d at 41.

Allen's first issue is overruled.

### D. Notice

In her second issue, Allen contends that Jungenberg's deed is void "for failure to give notice" in the tax suit, citing *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798–99 (1983) (regarding constitutional requirement of notice to mortgagee of publicly recorded mortgage).

We presume a judgment is valid unless the record affirmatively demonstrates a jurisdictional defect. *Remote Control Hobbies, L.L.C. v. Airborne Freight Corp.*, No. 14-12-01088-CV, 2014 WL 1267073, at *1 (Tex. App.—Houston [14th Dist.] Mar. 27, 2014, no pet.) (mem. op.) (citing *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012)). An appellant bears the burden of presenting this court with a record affirmatively demonstrating that a default judgment is void. *Id.* (overruling contention that turnover order was void following an allegedly void default judgment).

Allen did not raise this argument in response to the motion for summary judgment, nor did she file any evidence to substantiate her argument. She does not

5

cite to the record to support her contention on appeal that the "default tax judgment that the property in question was subjected to, was based upon citation by publication." She cites only to her petition to contend that she was not a party to the tax suit and was not contacted by lawyers during the tax suit. Her petition, however, is not evidence. *See, e.g.*, *Chamie v. Mem'l Hermann Health Sys.*, 561 S.W.3d 253, 256 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995)); *Morris v. O'Neal*, 464 S.W.3d 801, 808–09 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (affirming denial of bill of review; reasoning that statements in a petition were insufficient evidence to show that a judgment was void).

Allen has failed to show that the tax sale judgment and subsequent deed is void. *See Morris*, 464 S.W.3d at 808–09; *Remote Control*, 2014 WL 1267073, at *1. Accordingly, the trial court did not err by granting summary judgment to Jungenberg based on her deed.

Allen's second issue is overruled.

## E. Rule 11 Agreement

In her third issue, Allen contends that the trial court "granted more relief that requested" because the purported Rule 11 agreement does not comport with the essential elements of such an agreement.

We will affirm a summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004). Because Allen has not shown that the trial court erred on the section 33.54 ground, we need not and do not address the propriety of the purported Rule 11 agreement as a ground for the

6

summary judgment.  *See id.*; *see also* Tex. R. App. P. 44.1(a); Tex. R. App. P. 47.1.

## Conclusion

Jungenberg's motion to dismiss as moot is denied, and the trial court's judgment is affirmed.


/s/    Kevin Jewell
        Justice


Panel consists of Chief Justice Frost and Justices Jewell and Hassan.