**Affirmed and Memorandum Opinion filed March 12, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00690-CV

---

## DEEPA B. WILLINGHAM, Appellant

### V.

## CHARLES RICHARD WILLINGHAM, Appellee

---

**On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2018-64132**

---

## MEMORANDUM OPINION

Deepa Willingham brings this pro se appeal from the final decree of divorce dissolving her marriage to Richard Willingham. The parties originally entered into a mediated settlement agreement before first Deepa and then Richard filed for bankruptcy. The parties subsequently brought issues that developed during the bankruptcy proceedings to the former mediator to act as arbitrator. The trial court then entered the final decree, dissolving the marriage and dividing the parties' community property, among other things. Deepa raised three objections before the

mediator and the trial court and now raises similar issues in this appeal, contending that (1) the arbitrator and the trial court improperly treated Deepa's share of a California homestead exemption differently than they did Richard's share of the homestead exemption; (2) Richard was awarded a painting that is allegedly the property of Deepa's daughter; and (3) the arbitrator and the trial court abused their discretion in failing to recognize and examine Richard's alleged fraudulent conveyance.[1] We affirm.

### *Legal Standards*

In a final decree of divorce, a trial court is generally required to order a division of the community property that the court deems just and right. *See* Tex. Fam. Code §§ 7.001, 7.002; *Cayan v. Cayan*, 38 S.W.3d 161, 164 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). If the parties entered into a mediated settlement agreement that meets the requirements of Family Code section 153.0071(d), a party is entitled to judgment on the MSA and a trial court generally does not have discretion to decline to enter judgment on or deviate from the MSA. *See* Tex. Fam. Code § 153.0071(d); *In re A.D.B.*, 640 S.W.3d 604, 610 (Tex. App.—Houston [14th Dist.] 2022, no pet.).

As with all litigants, we liberally construe briefs and other filings that are submitted by pro se parties, and we hold pro se litigants to the same standards as licensed attorneys and require them to comply with all applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Rogers v. City of Hous.*, 627 S.W.3d 777, 786 n.1 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

---

[1] We presume without deciding that Deepa preserved each of her issues in the trial court. Our consideration of the issues raised should not be taken as generally condoning the raising of such issues in divorce cases involving MSAs or arbitration rulings.

## *Homestead Exemption*

As stated, in her first issue, Deepa contends that the arbitrator and the trial court improperly treated her share of funds related to a California homestead exemption differently than they did Richard's share of the funds. The exemption in question appears to have resulted in funds being disbursed in Deepa's California bankruptcy proceeding. As Deepa points out, the exemption was addressed in the following paragraph of the final decree, which appeared in the portion of the decree listing property awarded to Deepa as her sole and separate property:

> The distribution received [by Deepa] through her Chapter 7 bankruptcy proceeding in the amount of $99,500.00[.] The California bankruptcy court made an award of the CA homestead exemption of $175,000, $87,000 to [Deepa] and $88,000 to [Richard]. Of the $88,000, the Texas trustee holds it entirely in escrow. The trustee will pay $12,500 to [Deepa], leaving her with an aggregate of $99,500. [Richard]'s share is $75,500, and trustee is expected to apply that to the trustee's costs.

It appears that Deepa may be misunderstanding exactly what is happening with the homestead exemption distribution. As can be seen from the above paragraph, the total distribution was $175,000. Of that, Deepa received $99,500 total as her sole and separate property and Richard received $75,500. The only differences between the handling of these two amounts is that Deepa received $24,000 more and Richard's share is expected to be used to pay the expenses of Richard's bankruptcy trustee, which would presumably be community debt.[2] It is also worth noting that the distribution is mentioned only in the section of the decree listing property awarded to Deepa and not in the section listing property awarded to Richard. This is probably because the amount for Richard was

---

[2] The parties suggest that the $12,500 payment from the Texas trustee in Richard's bankruptcy case to Deepa was in settlement of an appeal Deepa had filed in a federal case, but the reason for this payment is irrelevant to our analysis.

distributed to the Texas trustee and was expected to cover the trustee's costs.

Nevertheless, Deepa asserts that the arbitrator, and subsequently the trial court, treated her $99,500 share of the distribution as community property, of which Richard would then receive half, or $49,750, while Richard's $75,500 share would not be so divided. Deepa does not cite any place in the final decree or otherwise in the record supporting such an interpretation. To the contrary, Deepa's $99,500 share is clearly listed as her sole and separate property and not as an item requiring further division. We find no merit in Deepa's argument, and accordingly, we overrule her first issue.[3]

### *The Painting*

In her second issue, Deepa complains that Richard was awarded a painting that was painted by, and allegedly still belongs to, Deepa's daughter. Deepa does not cite where in the decree this painting is supposedly awarded to Richard. However, even assuming the decree can be interpreted as awarding the painting to Richard, Deepa does not explain how she has standing to assert her daughter's ownership of the painting; the record indicates that Deepa's daughter was an adult when she completed the painting and Deepa does not assert otherwise. *See generally Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). Moreover, a divorce decree generally cannot extinguish the rights to property of a third party not before the court. *See, e.g.*, *Martin v. Martin*, No. 2-08-490-CV, 2010 WL 2331448, at *2 n.6 (Tex. App.—Fort Worth June 10, 2010, pet. denied) (mem. op.); *K.B. v. N.B.*, 811 S.W.2d 634, 641 (Tex. App.—San Antonio 1991,

---

[3] It is possible that Deepa is complaining because the $75,500 identified as Richard's share was not listed in the portion of the decree enumerating property awarded to Richard as his sole and separate property. She may be meaning to assert that the failure to so list the amount somehow resulted in a division of community property that was not just and right. *See* Tex. Fam. Code §§ 7.001, 7.002; *Cayan*, 38 S.W.3d at 164. But, she does not actually make this argument, and we decline to craft such an argument for her. *See Rogers*, 627 S.W.3d at 787–88.

writ denied). Accordingly, we overrule the second issue.

### *Fraud Allegation*

In issue three, Deepa contends that the arbitrator and the trial court abused their discretion in failing to take judicial notice of and examine Richard's allegedly fraudulent conveyance of real property. According to Deepa, Richard inherited property in California, placed a deed of trust against it, and then used approximately $180,000 in community property funds to pay down the debt on his separate property. She further alleges that Richard sold the property to a broker in violation of the mutual injunctions in this case and the broker subsequently sold the property for more money.

Deepa acknowledges that the property in question was Richard's separate property and that the remaining debt secured by that property was listed in the case documents as Richard's separate debt. She alleges, however, that Richard covered up the fact that he previously had used community property to pay down this separate debt and undertook a fraudulent conveyance to the broker by selling the property for less than it was worth. She contends that she should have been made an equitable subrogee in the property and been awarded $90,000 as her share of the misapplied community funds.

In support of her factual assertions, Deepa primarily cites to appendices attached to her brief, but we cannot consider attachments to a brief that are not also parts of the appellate record. *See, e.g.*, *Chamie v. Mem'l Hermann Health Sys.*, 561 S.W.3d 253, 256 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Marriage of Atherton*, No. 14-17-00601-CV, 2018 WL 6217624, at *5 (Tex. App.—Houston [14th Dist.] Nov. 29, 2018, pet. denied) (mem. op.). Deepa also suggests that evidence of fraud is in the public record and available for judicial notice, but she does not specify what that evidence is or how it establishes Richard committed

fraud.[4]

In support of her legal arguments, Deepa cites only generally to the entire California Uniform Voidable Transactions Act, *see* California Civil Code sections 3439 through 3439.14, and to a California case that generally discusses that state's rules governing equitable subrogees, *see JP Morgan Chase Bank, N.A. v. Banc of America Practice Solutions, Inc.*, 147 Cal. Rptr. 3d 287, 290 (Cal. Ct. App. 2012). She does not discuss how these authorities apply in this case, and she does not discuss any Texas authority relevant to this issue.

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *see also Nguyen v. Pham*, 640 S.W.3d 266, 275 (Tex. App.—Houston [14th Dist.] 2021, pet. denied); *O.A.O. v. R.S.O.*, No. 14-20-00870-CV, 2022 WL 17099872, at *1 (Tex. App.—Houston [14th Dist.] Nov. 22, 2022, no pet.). The fact that Deepa is appearing pro se does not excuse her from these requirements. *See Rogers*, 627 S.W.3d at 786 n.1, 787–88. Appellant's third issue is inadequately briefed. Accordingly, we overrule the third issue.

We affirm the trial court's final decree.

/s/    Frances Bourliot
       Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.

---

[4] Within Deepa's appendices are two grant deeds, but even were we to consider these documents, they do not by themselves indicate any fraud occurred.